CC: LEK/RT/TT

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 14 2019

at 2 o'clock and 30 min. P M
SUE BEITIA, CLERK   LS

1  Peter Strojnik,
2  7847 N. Central Ave.
   Phoenix, Arizona 85020
3  Telephone:  (602) 524-6602
   ps@strojnik.com
4  *pro se*

5

6  **UNITED STATES DISTRICT COURT**
   **DISTRICT OF HAWAII**
7  CV 19  00135 LEK  RT
   Case No:                                    PAID.
8                              CLASS ACTION        LS
   Peter Strojnik,                COMPLAINT
9

10                          Plaintiff,   1.  **Americans with Disabilities**
                                             **Act**
11                                       2.  **Discrimination in Public**
                         vs.                 **Accommodations (State Law)**
12                                       3.  **Nondisclosure**
13  Granite Fund IV LLC dba Hotel Wailea,   4.  **Consumer Fraud**
    Realis & Chateaux                    5.  **Negligence per se**
14
15                                           **JURY TRIAL REQUESTED**
                            Defendant.
16

17  Plaintiff brings this class action pursuant to the (1) Americans with Disabilities Act, 42
18  U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and ADAAG
19  ("ADA"), (2) Chapter 489 of the Hawai'i revised statutes, Chapter 489, Discrimination
20  in Public Accommodations §§489-1 *et seq* ("HRS"),  (3) Nondisclosure *Santiago v.*
21  *Tanaka*, 366 P.3d 612, 624 (Hi. 2015), (4) Misrepresentation, *id.*   (5) Consumer Fraud
22  HRS Chapter 480 and (6)  common law of negligence per se.

                                **PARTIES**
23
24  1.  Plaintiff is an ADA Tester.

25  2.  Plaintiff is a veteran of the US Army[1] and a disabled person as defined by the ADA
        and HRS Chapter 489. Plaintiff is a single man currently residing in Maricopa County,
26      Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by
27

28  _____
    [1]

DMZ, '72 - '73
Received By Mail
Date 3/14/19
          LS

FSC Package
Mailed On
Date 3/15/19
          LS

1    virtue of a severe right-sided neural foraminal stenosis and femoral neuropathy,

2    prostate cancer and renal cancer, degenerative right knee and is therefore a member

3    of a protected class under the ADA and HRS Chapter 489.

4    3. Plaintiff suffers from physical impairments described above which impairments

5    substantially limit his major life activities.  Plaintiff walks with difficulty and pain

6    and requires compliant mobility accessible features at places of public

7    accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic

8    ranging from dull and numbing pain to extreme and excruciating agony.

9    4. Defendant owns, operates, leases or leases to a lodging business ("Hotel") located at

10    555 Kaukahi St., Wailea, Kihei HI 96753 which is a public accommodation pursuant

11    to 42 U.S.C. § 12181(7)(A).

12    **JURISDICTION AND VENUE**

13    5. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§

14    28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

15    6. Plaintiff brings this action as a private attorney general who has been personally

16    subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28

17    CFR §36.501.

18    7. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,*
Plaintiff's claim for equitable nominal damages.

19    8. Venue is proper pursuant to 28 U.S.C. § 1391.

20    9. The ADAAG violations in this Complaint relate to barriers to Plaintiffs mobility. This

21    impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes

22    discrimination satisfying the "injury in fact" requirement of Article III of the United

23    States Constitution.

24    10. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the

25    Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's

26    disability.

27    11. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's

28    noncompliant Hotel becomes fully compliant with ADA; just as a disabled individual

who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**CLASS ACTION ALLEGATIONS**

12. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks to represent a class of Plaintiffs defined as follows: All disabled persons who lodged, intended to lodge in the past, or intend to lodge at Defendant's Hotel in the future.

13. The Classes comprise of many consumers throughout the nation. The Class is so numerous that joinder of all members of the Class is impracticable. There are questions of law and fact common to the Class. The common questions include:

    A.  whether Defendant's alleged conduct violates public policy; and

    B.  Whether Defendant violated (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and ADAAG ("ADA"), (2) Chapter 489 of the Hawai'i revised statutes, Chapter 489, Discrimination in Public Accommodations §§489-1 *et seq* ("HRS"), (3) Nondisclosure *Santiago v. Tanaka*, 366 P.3d 612, 624 (Hi. 2015), (4) Misrepresentation, *id.*   (5) Consumer Fraud HRS Chapter 480 and (6) common law of negligence per se.

    C.  Whether the alleged conduct constitutes violations of the laws asserted herein; and

    D.  Whether Plaintiff and Class Members have sustained monetary loss and the proper measure of that loss; and

    E.  Whether Plaintiff and Class Members are entitled to an award of punitive damages; and

    F.  Whether Plaintiff and Class Members are entitled to declaratory and injunctive relief; and

    G.  Whether Plaintiff and Class Members are entitled to the relief sought here.

14. Plaintiff's claims are typical of the claims of the proposed Class, and plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff

1   does not have any interests antagonistic to those of the Class. Plaintiff has been a
2   lawyer licensed by the State Bar of Arizona for a period of between 1980 and 2018
3   when he resigned because his "continuing association with the State Bar is inconsistent
4   with [his] core principles of morality and fair play". Although Plaintiff is competent
5   and experienced in the prosecution of this type of litigation, he intends to conduct this
6   litigation until the issue relating to the certification of the class at which time Plaintiff
7   intends to engage competent counsel to wrap it up. The questions of law and fact
8   common to the Class Members, some of which are set out above, predominate over
    any questions affecting only individual Class Members.

9   15. A class action is superior to other available methods for the fair and efficient
10      adjudication of this controversy. The expense and burden of individual litigation would
11      make it impracticable or impossible for proposed Class Members to prosecute their
12      claims individually. The trial and the litigation of Plaintiff's claims are manageable.

13  16. Unless a class is certified, Defendant will retain monies received as a result of its
14      conduct that was taken from plaintiff and proposed Class Members. Unless a class-
15      wide injunction is issued, Defendant will continue to commit the violations alleged,
16      and the Members of the Class and the general public will continue to be misled.

17  17. Defendant has acted and refused to act on grounds generally applicable to the Class,
18      making appropriate final injunctive relief with respect to the Class as a whole.

19                                    **COUNT I**
                **(Violation of Plaintiff's Civil Rights under the ADA)**
20

21  18. Plaintiff realleges all allegations heretofore set forth.

22  19. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility
        particularly applicable to his mobility, both ambulatory and wheelchair assisted.
23
24  20. Plaintiff intended to vacation in Hawai'i and therefore, reviewed vacation booking
        websites as documented in Addendum A.

25  21. Plaintiff became aware that third party booking websites disclosed general availability
26      and description of Defendant's Hotel. Third Party booking websites referenced here
27      are more fully documented in Addendum A which is by this reference incorporated
28      herein.

4

1
2
3
4
5
22. Third party booking websites failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented in Addendum A.

6
7
8
23. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

9
10
11
12
24. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented. *See* Addendum A.

13
14
15
25. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

16
17
18
19
20
21
22
26. Because third and first party booking agents failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs Plaintiff declined to book a room there and because Plaintiff was unable to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms, Plaintiff declined to book a room there.

23
24
25
26
27. The gist of the requirement of 28CFR§28.302(e) is the requirement that a place of lodging, such as Defendant Hotel, disclose both the *accessible* elements but, more importantly, *inaccessible* elements of the place of lodging; without a description of *inaccessible* mobility elements, Defendant fails to comply with 28CFR§28.302(e) as a matter of law.

27
28
28. Plaintiff personally experienced architectural barriers to accessibility as documented in Addendum A.

5

29. Defendant has violated the ADA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and in Addendum A.

30. The ADA violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.

31. The removal of accessibility barriers listed above is readily achievable.

32. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

A. For class action certification on this Count.

B. Relief described in 42 U.S.C. §2000a – 3; and

C. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

D. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

E. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

F. Equitable nominal damages; and

G. For costs, expenses and attorney's fees; and

H. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

**COUNT II**
**(Violation of the Hawai'i's Chapter 489, Part I)**

33. Plaintiff realleges all allegations heretofore set forth.

34. Defendant has violated Hawai'i's Chapter 489 Part I by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and in Addendum A.

35. Plaintiff has been injured by the unlawful discriminatory practices alleged in this Complaint.

6

1  36. Pursuant to HRS §489-7.5, Plaintiff is entitled to -

2      ▪ Sue for damages sustained, and, if the judgment is for the plaintiff, the plaintiff
3        shall be awarded a sum not less than $1,000 or threefold damages by the plaintiff
4        sustained, whichever sum is the greater, and reasonable attorneys' fees together
5        with the costs of suit, and

6      ▪ Bring proceedings to enjoin the unlawful discriminatory practices, and if the
7        decree is for the plaintiff, the plaintiff shall be awarded reasonable attorneys' fees
8        together with the cost of suit.

9  37. Plaintiff is deterred from visiting the Hotel and is thereby suffering daily actual and
10     statutory damages.

11 WHEREFORE, Plaintiff demands judgment against Defendant as follows:

12     A. For class action certification on this Count.

13     B. A Declaratory Judgment that at the commencement of this action Defendant was
14        in violation of the specific requirements of the statute; and

15     C. A permanent injunction which directs Defendant to take all steps necessary to
16        bring its Hotel into full compliance with the requirements set forth in HRS, and its
17        implementing regulations, so that the facilities are fully accessible to, and
18        independently usable by, disabled individuals as required by law, and which
19        further directs that the Court shall retain jurisdiction for a period to be determined
20        after Defendant certifies that its facilities are fully in compliance with the relevant
21        requirements of the Statutes to ensure that Defendant has adopted and is following
22        an institutional policy that will in fact cause Defendant to remain fully in
23        compliance with the law; and

24     D. The payment of costs of suit including attorney's fees and expenses; and

25     E. Order closure of the Defendant's Hotel until Defendant has fully complied with
26        the ADA and HRS; and

27     F. For damages in an amount no less than $1,000.00 per violation per encounter per
28        Class Member per day; and

7

1   G. For treble damages pursuant to HRS §489-7.5(c).

2   H. The provision of whatever other relief the Court deems just, equitable and

3   appropriate.

4                              **COUNT III**
                **(Nondisclosure – Restatement (Second) of Torts §551)**
5

6   38. Plaintiff realleges all allegations heretofore set forth.

7   39. In Hawai'i, claims for nondisclosure are governed by the Restatement (Second) of

8   Torts § 551 (Am. Law Inst. 1977)[2].

9   40. Defendant Hotel is subject to the requirements of 28 CFR §36.302[3].

10  **[2] Restatement of Torts: 551. Liability For Nondisclosure**

11  (1) One who fails to disclose to another a fact that he knows may justifiably induce the other to
    act or refrain from acting in a business transaction is subject to the same liability to the other
12  as though he had represented the nonexistence of the matter that he has failed to disclose, if,
    but only if, he is under a duty to the other to exercise reasonable care to disclose the matter in
13  question.

14  (2) One party to a business transaction is under a duty to exercise reasonable care to disclose to
    the other before the transaction is consummated,
15      (a) matters known to him that the other is entitled to know because of a fiduciary or other
        similar relation of trust and confidence between them; and
16      (b) matters known to him that he knows to be necessary to prevent his partial or ambiguous
        statement of the facts from being misleading; and
17      (c) subsequently acquired information that he knows will make untrue or misleading a
        previous representation that when made was true or believed to be so; and
18      (d) the falsity of a representation not made with the expectation that it would be acted upon,
19      if he subsequently learns that the other is about to act in reliance upon it in a transaction
        with him; and
20      (e) facts basic to the transaction, if he knows that the other is about to enter into it under a
        mistake as to them, and that the other, because of the relationship between them, the
21      customs of the trade or other objective circumstances, would reasonably expect a
22      disclosure of those facts.

23  [3]
    **28CFR§36.302 Modifications in policies, practices, or procedures.**
24
        (a) *General.* A public accommodation shall make reasonable modifications in policies,
25      practices, or procedures, when the modifications are necessary to afford goods, services,
26      facilities, privileges, advantages, or accommodations to individuals with disabilities,
        unless the public accommodation can demonstrate that making the modifications would
27      fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or
        accommodations.
28      (b) ...
        (c) ...

8

1    41. The gist of the requirement of 28CFR§28.302(e) is the requirement that a place of

2       lodging, such as Defendant Hotel, disclose both the *accessible* elements but, more

3       importantly, *inaccessible* elements of the place of lodging; without a description of

4       *inaccessible* mobility elements, Defendant fails to comply with 28CFR§28.302(e) as a

5       matter of law.

6    42. Defendant Hotel was under a duty to disclose both *accessible* and *inaccessible*

7       elements on its first and third party websites in enough detail to reasonably permit

       individuals with disabilities, including the Plaintiff and Class Members, to assess

8       independently whether a given hotel or guest room meets his or her accessibility needs

9       all as more fully disclosed in Addendum A.

10    43. Defendant's disclosure and identification of *accessibility* and *inaccessibility* elements

11       was insufficiently detailed to reasonably permit individuals with disabilities to assess

12

13

14

(d) …

15 (e) (1) *Reservations made by places of lodging.* A public accommodation that owns, leases
(or leases to), or operates a place of lodging shall, with respect to reservations made by

16 any means, including by telephone, in-person, or through a third party—

17      (i)     Modify its policies, practices, or procedures to ensure that individuals with
             disabilities can make reservations for accessible guest rooms during the same hours

18              and in the same manner as individuals who do not need accessible rooms;
     (ii)    Identify and describe accessible features in the hotels and guest rooms offered

19              through its reservations service in enough detail to reasonably permit individuals
             with disabilities to assess independently whether a given hotel or guest room meets

20              his or her accessibility needs;

21      (iii)   Ensure that accessible guest rooms are held for use by individuals with disabilities
             until all other guest rooms of that type have been rented and the accessible room

22              requested is the only remaining room of that type;
     (iv)   Reserve, upon request, accessible guest rooms or specific types of guest rooms and

23              ensure that the guest rooms requested are blocked and removed from all
             reservations systems; and

24      (v)    Guarantee that the specific accessible guest room reserved through its reservations
             service is held for the reserving customer, regardless of whether a specific room is

25              held in response to reservations made by others.

26      (2) *Exception.* The requirements in paragraphs (iii), (iv), and (v) of this section do not
        apply to reservations for individual guest rooms or other units not owned or

27         substantially controlled by the entity that owns, leases, or operates the overall facility.
     (3) *Compliance date.* The requirements in this section will apply to reservations made on

28         or after March 15, 2012.

independently whether a given hotel or guest room meets his or her accessibility needs all as more fully disclosed in Addendum A.

44. Defendant's third party and first party booking websites made partial disclosures of accessibility which were known to Defendant to cause them to be misleading.

45. The disclosure of *accessibility* and *inaccessibility* elements were facts basic to the transaction of booking a room at the Defendant's Hotel.

46. The partial disclosure of accessibility on Defendant's third and first party websites created the impression of two interpretations:   One that the hotel was fully ADA compliant and the other that it was not.

47. Plaintiff and Class Members have been damaged by the nondisclosure.

48. Defendant's conduct raises the presumption of conscious indifference to consequences of its actions which, in turn, demonstrates wanton or oppressive acts or malice as implies a spirit of mischief or indifference to civil obligations, or willful misconduct, entitling Plaintiff and Class Members to an award of punitive damages in an amount sufficient to deter Defendant and others similarly situated from similar misconduct.

WHEREFORE, Plaintiff prays for relief as follows:

A. For class action certification on this Count.

B. For a finding of liability of Defendant on this Count; and

C. For damages assessed in favor of Plaintiff and each Class Member in an amount to be determined at trial; and

D. For punitive damages in an amount sufficient to deter this Defendant and others similarly situated from similar misconduct; and

E. For costs, fees, expenses and attorney's fees in an amount to be proven; and

F. For such other and further relief as the Court may deem just and proper.

## COUNT IV
### (Consumer Fraud – HRS Chapter 480)

49. Plaintiff realleges all allegations heretofore set forth.

50. HRS §480-2 declares unlawful all unfair or deceptive acts or practices in the conduct of any trade or commerce.

1  51. Defendant Hotel committed unfair and deceptive acts or practices in the conduct of its
2      lodging business s more fully detailed in Counts I – IV above all of which are by this
3      reference incorporated herein.

4  52. Plaintiff and Class Members are "consumers" as this term is defined in HRS §480-1.

5  53. HRS Chapter 480 is intended not only to protect the persons who actually purchased
6      goods or services as a result of unfair and deceptive acts and practices, but also those
7      who attempted or were solicited to do so. *Zanakis-Pico v. Cutter Dodge, Inc.,* 47 P.3d
8      1222 (Haw. 2002)

9  54. Any consumer who is injured by any unfair or deceptive act or practice forbidden or
       declared unlawful by section 480-2:

10         (1) May sue for damages sustained by the consumer, and, if the judgment is for the
11             plaintiff, the plaintiff shall be awarded a sum not less than $1,000 or threefold
12             damages by the plaintiff sustained, whichever sum is the greater, and reasonable
               attorney's fees together with the costs of suit; provided that where the plaintiff
13             is an elder, the plaintiff, in the alternative, may be awarded a sum not less than
               $5,000 or threefold any damages sustained by the plaintiff, whichever sum is
14             the greater, and reasonable attorney's fees together with the costs of suit. In
               determining whether to adopt the $5,000 alternative amount in an award to an
15             elder, the court shall consider the factors set forth in section 480-13.5; and

16
17         (2) May bring proceedings to enjoin the unlawful practices, and if the decree is for
               the plaintiff, the plaintiff shall be awarded reasonable attorney's fees together
18             with the costs of suit.

19  55. However, the remedies provided in the preceding paragraphs shall be applied in class
20      action and de facto class action lawsuits or proceedings, including actions brought on
21      behalf of direct or indirect purchasers with the following conditions and limitations:

22         (1) The minimum $1,000 recovery provided in subsections (a) and (b) shall not
               apply in a class action or a de facto class action lawsuit;
23
24         (2) In class actions or de facto class actions where both direct and indirect
               purchasers are involved, or where more than one class of indirect purchasers
25             are involved, a defendant shall be entitled to prove as a partial or complete
               defense to a claim for compensatory damages that the illegal overcharge has
26             been passed on or passed back to others who are themselves entitled to recover
27             so as to avoid the duplication of recovery of compensatory damages;

28

11

(3) That portion of threefold damages in excess of compensatory damages shall be apportioned and allocated by the court in its exercise of discretion so as to promote effective enforcement of this chapter and deterrence from violation of its provisions;

(4) In no event shall an indirect purchaser be awarded less than the full measure of compensatory damages attributable to the indirect purchaser;

(5) In any lawsuit or lawsuits in which claims are asserted by both direct purchasers and indirect purchasers, the court is authorized to exercise its discretion in the apportionment of damages, and in the transfer and consolidation of cases to avoid the duplication of the recovery of damages and the multiplicity of suits, and in other respects to obtain substantial fairness;

(6) In any case in which claims are being asserted by a part of the claimants in a court of this State and another part of the claimants in a court other than of this State, where the claims arise out of same or overlapping transactions, the court is authorized to take all steps reasonable and necessary to avoid duplication of recovery of damages and multiplicity of suits, and in other respects, to obtain substantial fairness;

(7) In instances where indirect purchasers file an action and obtain a judgment or settlement prior to the completion of a direct purchaser's action in courts other than this State, the court shall delay disbursement of the damages until such time as the direct purchaser's suits are resolved to either final judgment, consent decree or settlement, or in the absence of a direct purchaser's lawsuit in the courts other than this State by direct purchasers, the expiration of the statute of limitations, or in such manner that will minimize duplication of damages to the extent reasonable and practicable, avoid multiplicity of suit, and obtain substantial fairness; and

(8) In the event damages in a class action or de facto class action remain unclaimed by the direct or indirect purchasers, the class representative or the attorney general shall apply to the court and such funds shall escheat to the State upon showing that reasonable efforts made by the State to distribute the funds have been unsuccessful.

56. Plaintiff and Class Members have been damaged by Defendant's unfair and deceptive acts or practices in the conduct of its lodging business s more fully detailed in Counts I – IV above all of which are by this reference incorporated herein.

57. Defendant's conduct raises the presumption of conscious indifference to consequences of its actions which, in turn, demonstrates wanton or oppressive acts or malice as

1  implies a spirit of mischief or indifference to civil obligations, or willful misconduct,

2  entitling Plaintiff and Class Members to an award of punitive damages in an amount

3  sufficient to deter Defendant and others similarly situated from similar misconduct.

4  WHEREFORE, Plaintiff prays for relief as follows:

5  A. For class action certification on this Count.

6  B. For a finding of liability of Defendant on this Count; and

7  C. For damages assessed in favor of Plaintiff and each Class Member in an amount

8     to be determined at trial; and

9  D. For punitive damages in an amount sufficient to deter this Defendant and others

10    similarly situated from similar misconduct; and

11 E. For costs, fees, expenses and attorney's fees in an amount to be proven; and

12 F. For such other and further relief as the Court may deem just and proper.

13
## COUNT V
### (Negligence per se)

14

15 58. Plaintiff realleges all allegations heretofore set forth.

16 59. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff
    as a disabled individual would have full and equal access to the public
17  accommodation.

18 60. Defendant breached this duty.

19 61. Defendant is or should be aware that, historically, society has tended to isolate and

20    segregate individuals with disabilities, and, despite some improvements, such forms

21    of discrimination against individuals with disabilities continue to be a serious and

22    pervasive social problem[4].

23 62. Defendant knowingly and intentionally participated in this historical discrimination

24    against Plaintiff, causing Plaintiff damage.

25 63. Discrimination against individuals with disabilities persists in the use and enjoyment

26    of critical public accommodations[5].

27

28 [4] 42 U.S.C. § 12101(a)(2)
   [5] 42 U.S.C. §12101(a)(3)

13

64. Defendant's knowing and intentional persistence in discrimination against Plaintiff is alleged, causing Plaintiff damage.

65. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[6].

66. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

67. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[7].

68. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

69. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[8].

70. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

71. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[9].

72. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

---

[6] 42 U.S.C. §12101(a)(5)
[7] 42 U.S.C. §12101(a)(6)
[8] 42 U.S.C. §12101(a)(7)
[9] 42 U.S.C. §12101(a)(8)

14

73. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

74. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

75. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

76. Plaintiff and Class Members have been damaged by Defendant's unfair and deceptive acts or practices in the conduct of its lodging business s more fully detailed in Counts I – III above all of which are by this reference incorporated herein.

77. Defendant's conduct raises the presumption of conscious indifference to consequences of its actions which, in turn, demonstrates wanton or oppressive acts or malice as implies a spirit of mischief or indifference to civil obligations, or willful misconduct, entitling Plaintiff and Class Members to an award of punitive damages in an amount sufficient to deter Defendant and others similarly situated from similar misconduct.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For certification of class action on this Count.

    B.  For finding of negligence; and

    C.  For damages in an amount to be proven at trial; and

    D.  For punitive damages to be proven at trial; and

    E.  For such other and further relief as the Court may deem just and proper.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 12th day of March, 2019.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PETER STROJNIK**

Plaintiff